**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| Rhoda Fuller,<br><br>Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.,<br><br>Defendant. | Civil Action No.: 3:14-cv-00271<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Rhoda Fuller, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff, Rhoda Fuller ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Credit Management, Inc. ("Midland"), is a California business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Facts

10. Beginning in or around July 2013, Midland started contacting Plaintiff by placing as many as ten (10) calls daily to Plaintiff's cellular telephone in an attempt to collect the Debt.

11. On numerous occasions, Midland contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

12. Midland placed several of such calls as early as 1:09a.m, 6:15a.m. and 6:45a.m.

13. The calls from Midland originated from the following telephone numbers, including but not limited to, (800) 265-XXXX.

14. Plaintiff has no prior business relationship with Midland or with Creditor and never provided her consent to be contacted on her cellular telephone to Midland or Creditor.

15. When answering each of Midland's ATDS calls, Plaintiff heard a prerecorded message directing her to "please hold on the line for an important business matter." Plaintiff was then transferred to a live representative wherein she was advised that the call was for Wanda Williams.

16. During each conversation, Midland informed Plaintiff that it was calling in reference to a Debt incurred by Wanda Williams, someone other than Plaintiff (the "Debtor").

17. In or about July 2013, Plaintiff informed Midland that she did not know the location of the Debtor and requested Midland cease any further communication regarding the Debt.

18. Despite such, Midland continued to place at least twenty (20) additional ATDS calls to Plaintiff's cell phone in its collection efforts.

**C. Plaintiff Suffered Actual Damages**

19. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

20. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant's conduct violated 15 U.S.C. § 1692b in that Defendant contacted third parties on more than one occasion in connection with the collection of a debt.

23. Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted Plaintiff before 8:00 a.m.

24. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

25. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

26. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT TEX. FIN. CODE ANN. § 392, et al.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

31. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

32. Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

33. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS and/or by using a prerecorded or artificial voice.

36. Plaintiff never provided her consent to Midland or the Creditor to be contacted on her cellular telephone, and in fact advised Midland multiple times it was not the Debtor and instructed Midland to stop all calls to her.

37. Midland continued to place automated calls to Plaintiff's cellular telephone after being advised not to call and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

38. The telephone number called by Midland was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

39. The calls from Midland to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

41. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT IV**

**INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45. Texas further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Texas state law.

46. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above-referenced telephone calls.

47. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding Plaintiff," and, "a substantial

burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

48. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

50. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
8. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of

privacy in an amount to be determined at trial for Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 23, 2014

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jburton@lemberglaw.com

14785 Preston Road, Suite 550
Dallas, Texas 75154
Attorneys for Plaintiff